ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO<br><br>Peticionaria<br><br>V.<br><br>MAPFRE PRAICO INSURANCE COMPANY, et. al.<br><br>Recurrido | KLCE202300069 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2019CV09747<br><br>Sobre: Acción Civil, Incumplimiento Contractual, Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente el Juez Figueroa Cabán, la Juez Brignoni Mártir y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2023.

Mapfre Praico Insurance Company (en adelante, Mapfre) presentó un recurso de *Certiorari* en el que nos solicita que revisemos la Resolución que emitió el Tribunal de Primera Instancia, Sala de San Juan, el 10 de noviembre de 2022, notificada el 15 de noviembre de 2022. Mediante el referido dictamen el tribunal primario declaró *No Ha Lugar* la *Solicitud de Desestimación Parcial,* presentada por Mapfre. Consecuentemente, el foro primario entendió que ostentaba jurisdicción para atender la causa de acción de prácticas desleales presentada por la Autoridad de Carreteras y Transportación de Puerto Rico (Autoridad de Carreteras), bajo el Artículo 27.164 del Código de Seguros, *infra*.

Por los fundamentos que exponemos, EXPEDIMOS el auto de *certiorari* y confirmamos la Resolución contra la que se recurre.

**I.**

El **28 de septiembre de 2016** Mapfre emitió la póliza de seguros CBP-008665296 a favor de la Autoridad de Carreteras por la cantidad de $47,934,332.00.

Como consecuencia de los daños ocasionados por el huracán María, el asegurado presentó a Mapfre un aviso de pérdida a principios del mes de octubre de 2017.[1]

Tras la inacción de la Aseguradora, **el 16 de julio de 2018**, el Ing. Carlos M. Contreras, entonces, Secretario del Departamento de Transportación y Obras Públicas y Director Ejecutivo de la Autoridad de Carreteras cursó a la Oficina del Comisionado de Seguros una misiva en solicitud de investigación contra el Asegurador.[2]

El **8 de agosto de 2018**, la Autoridad de Carreteras presentó ante el Comisionado de Seguros una solicitud de investigación contra Mapfre.[3] El **16 de agosto de 2018** la Oficina del Comisionado emitió un Requerimiento de Información dirigido a Mapfre, quien no contestó, por lo que el 31 de agosto de 2018 el Comisionado de Seguros le impuso una multa administrativa.[4]

Así las cosas, el **17 de septiembre de 2018**, notificada el 18 de septiembre de 2018, el Comisionado de Seguros emitió una Orden en la cual determinó que Mapfre violentó los Artículos 27.161 (3) y (6); y el 27.162 (1) y (2) del Código de Seguros de Puerto Rico, 26 LPRA. Secs. 27161a (3), y (6); y 2716b (1) y (2). Esto porque Mapfre no resolvió la reclamación sometida por la

---

[1] Resolución del 21 de mayo de 2019, Apéndice pág. 85.
[2] Apéndice págs. 63-65.
[3] Orden, Apéndice pág. 66, párrafo 2, Recurso de Certiorari, pág. 4, párrafo 2.
[4] Orden, Apéndice pág. 66, párrafo 3, Recurso de Certiorari, pág. 4, párrafo 3 y apéndice pág. 69.

Autoridad de Carreteras por los daños ocasionados por el Huracán María.[5]

Entretanto, el **27 de noviembre de 2018** se promulgó la Ley Núm. 247-2018 para añadir los Artículos 27.164 y 27.165 al Código de Seguros de Puerto Rico. Referidas enmiendas proveen para que el asegurado pueda incoar una acción civil contra una aseguradora por esta incurrir en prácticas desleales. También permite reclamar los honorarios de abogado, de prevalecer. El propósito esencial para la aprobación de referida pieza legislativa es "que el ciudadano tenga una oportunidad real de vindicar sus derechos en nuestros tribunales en la eventualidad de un incumplimiento por parte de su aseguradora."[6] Referida Ley requiere, como paso previo a instar la acción contra la aseguradora, notificar por escrito al Comisionado y a la aseguradora de la violación. Luego de ello, la aseguradora contará con sesenta (60) días para remediar la situación. Esta notificación se deberá realizar en un formulario oficial provisto por el Comisionado de Seguros[7].

A esos efectos, el **11 de enero de 2019** la Oficina del Comisionado de Seguros emitió la Carta Normativa CN-2019-246-D. En esta estableció el Formulario de Notificación a la aseguradora y al Comisionado, previo a entablar una acción civil, a tenor con el artículo 27.164 del Código de Seguros de Puerto Rico. La carta indica que "toda notificación hecha en un formato distinto al Formulario que se adjunta a la presente Carta Normativa será considerada como no realizada".[8]

---

[5] Resolución, apéndice págs. 71, 72.
[6] Exposición de Motivos, Ley 247-2018.
[7] Ley 247-2018, Artículo 27.164 (3).
[8] Carta y formulario, Apéndice págs. 194-197.

Así las cosas, en el trámite administrativo, el **21 de mayo de 2019** la Oficina del Comisionado de Seguros emitió una Resolución. De esta surge que el 29 de enero de 2019 se celebró una vista administrativa[9] a la cual comparecieron la Autoridad de Carreteras, así como la aseguradora Mapfre.[10] Mediante la referida Resolución, el Comisionado de Seguros confirmó que Mapfre violó de los Artículos 27.161 en sus incisos (3) y (6) titulado "Prácticas desleales en el ajuste de reclamaciones". (26 LPRA sec. 2716a), Artículo 27.162 en sus incisos (1) y (2) titulado "Término para la resolución de las reclamaciones" (26 LPRA sec. 2716b). Entre otros asuntos, reiteró la orden de resolver la reclamación de la Autoridad de Carreteras de forma inmediata y presentar prueba de ello a la Oficina del Comisionado en veinte (20) días.[11]

Mapfre solicitó reconsideración, la que fue denegada el **26 de agosto de 2019**.[12]

Cuatro meses después de la Resolución del Comisionado de Seguros, el **18 de septiembre de 2019**, la Autoridad de Carreteras instó la demanda de epígrafe contra Mapfre, y otros, por incumplimiento contractual y daños y perjuicios. Entre sus alegaciones expuso que, por el paso del huracán María, la Autoridad de Carreteras sufrió daños y pérdidas en sus propiedades, que la llevaron a presentar una reclamación por los daños preliminares ante Mapfre el **6 de octubre de 2017**.

En lo aquí pertinente, Autoridad de Carreteras alegó que Mapfre, incurrió en las prácticas desleales dispuestas en el Código

---

[9] Apéndice pág. 73.
[10] Apéndice pág. 74.
[11] Tomamos conocimiento judicial de que esta Resolución fue confirmada por este Tribunal de Apelaciones mediante Sentencia dictada el 28 de septiembre de 2020 en el caso KLRA201900599. Esta determinación es final y firme.

de Seguro, tales como no resolver y ajustar la reclamación dentro de los noventa (90) días que dispone el Art. **27.162** y el **Art. 27.161** del Código de Seguros, *infra*. Ante ello, solicitó una indemnización en daños de una suma no menor de 7 millones mediante el remedio provisto por el Art. 27.164 del Código de Seguros, *infra*, creado por la Ley 247 de 2018.

El 24 de octubre de 2019, Mapfre Contestó la Demanda. Expuso, como parte de sus defensas afirmativas, que la Autoridad de Carreteras, antes de entablar la demanda, no presentó ante la Oficina del Comisionado de Seguros, el formulario de notificación que requiere el Artículo 27.164 del Código de Seguros de Puerto Rico. Por ello, aseguró que la Autoridad de Carreteras estaba impedida de presentar la causa de acción bajo el referido artículo.

Tras otros asuntos procesales, el 9 de agosto de 2022 Mapfre presentó una *Moción de Desestimación Parcial*. Allí reiteró que la Autoridad de Carreteras se encontraba impedida de incoar una causa de acción bajo el artículo 27.162 y el 27.161 del Código de Seguros. Ello, por incumplir con el requisito jurisdiccional que impone el Art. 27.164 del Código de Seguros, a saber: (1) notificar el formulario requerido a la Oficina del Comisionado de Seguros y a la asegurada previo a la radicación de la Demanda; y (2) concederle a la aseguradora un término de 60 días para arreglar o remediar el problema alegado en el formulario. En su moción, aludió al caso de *Consejo de Titulares de 76 Kings Court Condominium v. MAPFRE PRACIO Ins. Co.*, 2022 TSPR 32, que establece que el incumplimiento con dicho requisito priva a los tribunales de jurisdicción en poder atender una causa de acción de prácticas desleales presentada bajo el Artículo 27.164 del Código de Seguros. Adujo que antes de la promulgación de la Ley 247-2018, los asegurados no podían incoar una causa de acción

contra una aseguradora por prácticas desleales, sino solo por incumplimiento contractual. Que de entender que la aseguradora había cometido alguna práctica desleal o violentado el Código de Seguros, el único remedio disponible era a través de la Oficina del Comisionado de Seguros.[13]

El 29 de agosto de 2022 la Autoridad de Carreteras presentó su Oposición a la *Moción de Desestimación Parcial*. Aseveró que previo a la presentación de esta causa de acción ante el Tribunal le dio amplia notificación a Mapfre sobre su reclamación. Además, que, a la fecha de la aprobación de la Ley 247-2018, ya la Oficina del Comisionado tenía bajo su jurisdicción las materias concernientes a las prácticas desleales cometidas por Mapfre. Esbozó que en ese proceso el **17 de septiembre de 2018**, el Comisionado de Seguros determinó que Mapfre violentó los Artículos 27.161 (3) y (6); y el 27.162 (1) y (2) del Código de Seguros de Puerto Rico, 26 LPRA. Secs. 27161a (3), y (6); y 2716b (1) y (2), a causa del manejo de la reclamación sometida por la ACT a Mapfre por los daños ocasionados por el Huracán María. Que todo ello, ocurrió antes de la aprobación de la Ley Núm. 247-2018. Agregó que, mediante Resolución de **21 de mayo de 2019**, la Oficina del Comisionado confirmó que Mapfre violó de los Artículos 27.161 en sus incisos (3) y (6) titulado "Prácticas desleales en el ajuste de reclamaciones". (26 LPRA sec. 2716a), Artículo 27.162 en sus incisos (1) y (2) titulado "Término para la resolución de las reclamaciones" (26 LPRA sec. 2716b).

Alegó que mediante la querella número I-2018-100, la Oficina del Comisionado adquirió jurisdicción sobre los planteamientos y causas de acción que surgen del Código de

---

[13] Recurso de MAPFRE, Moción de Desestimación Parcial, Apéndice pág. 42.

Seguros de Puerto Rico, incluyendo, pero sin limitarse, a las prácticas desleales realizadas por Mapfre. Por ello, resultaba innecesario presentar una nueva duplicidad de acciones, cuando ya el mecanismo adecuado ante la agencia administrativa se encontraba activo, necesario para el agotamiento de recursos, previo a la enmienda al Código de Seguros y su aplicabilidad. Reiteró que la Autoridad de Carreteras agotó todo recurso administrativo, vigente al momento de solicitar investigación.

Aseveró también que los hechos del presente caso son distintos a los considerados por el Tribunal Supremo en *Consejo de Titulares 76 Kings Court* v. *MAPFRE PRAICO Ins. Co*, supra, pues en este los asegurados presentaron por primera vez la reclamación ante la Oficina del Comisionado luego de que se aprobara la Ley 247, *supra*. En cambio, en el presente caso la Autoridad de Carreteras presentó su solicitud de investigación ante la Oficina del Comisionado previo a la aprobación de Ley 247-2018, supra. En especial, indicaron que la solicitud de investigación fue realizada el 8 de agosto de 2018, más de un año, con anterioridad a la presentación de la demanda de autos y Mapfre tuvo en exceso de los 60 días que concede la ley para remediar.[14]

El 12 de septiembre de 2022 Mapfre presentó una *Réplica a Oposición de Desestimación Parcial*. En síntesis, argumentó que la Ley 247-2018 no crea un nuevo trámite administrativo; por lo que no se trata de agotar remedios. Indicó que dicho estatuto únicamente creó una nueva causa de acción en los tribunales. Para ello, la ley impone como requisito jurisdiccional que el asegurado notifique a su aseguradora, y a la Oficina del

---

[14] Apéndice págs. 46-62 y anejos págs. 63-137.

Comisionado, un formulario oficial provisto por el Comisionado, a fin de proveerle una última oportunidad para que se remedie cualquier alegada violación. Si en sesenta (60) días la aseguradora no remedia cualquier violación, es que nace la causa de acción y los asegurados pueden instar un pleito en el ámbito judicial. Sostuvo que la Demanda se presentó el 18 de septiembre de 2019, luego de que se promulgó la Ley Núm. 247-2019, por lo que, la Autoridad de Carreteras tuvo tiempo para cumplir con el requisito de la notificación.  Para remediar esta situación, reiteró que procedía la desestimación.

Evaluados los escritos y el derecho atinente la Ley 247-2018 y la reciente determinación del Tribunal Supremo de Puerto Rico en *Con. Tit. 76 Kings Court v. Mapfre,* 208 DPR 1018 (2022), el foro primario determinó que no procedía la desestimación de la causa de acción sobre prácticas desleales.  El foro primario indicó que,

> [E]l Artículo 27.164 del Código de Seguros, supra, establece una ventana de sesenta (60) días para que la aseguradora remedie las deficiencias o violaciones notificadas por el asegurado, ello sin la intervención de los tribunales." Cons. Tit. Cond.76 King's Court v. Mapfre Praico Ins. Co., supra. Por consiguiente, dicho término de sesenta (60) días provee una última oportunidad para que la aseguradora responda extrajudicialmente y dentro de un término fijo. *Íd*. Si la aseguradora opta por no atender el reclamo dentro de esos sesenta (60) días, entonces podría enfrentar una demanda por daños y honorarios de abogado amparada en el Código de Seguros. *Íd*.[15]

A tenor con lo anterior el foro primario razonó lo siguiente:

> En el caso ante nos, según surge de las alegaciones de la Demanda el 6 de octubre de 2017, la parte demandante le presentó a Mapfre una reclamación por los daños preliminares sufridos por sus propiedades. Consecuentemente, el 16 de julio de 2018, el Secretario del Departamento de Transportación y Obras Públicas envió una misiva al Comisionado de Seguros, mediante la cual solicitó una investigación. El 8 de agosto de 2018, la Autoridad de Carreteras

---

[15] Apéndice pág. 176.

presentó ante el Comisionado de Seguros una solicitud de investigación contra Mapfre. Así las cosas, el 16 de agosto de 2018, la Oficina del Comisionado de Seguros emitió un Requerimiento a Mapfre para que en el término de cinco (5) días expusiera su posición; así se desprende de la Orden emitida por el Comisionado de Seguros el 31 de agosto de 2018. Asimismo, el 21 de mayo de 2019, el Comisionado de Seguros emitió una Resolución, mediante la cual ordenó a Mapfre a resolver la reclamación de manera inmediata. El 18 de septiembre de 2019, se presentó la Demanda de epígrafe. Por lo cual, la causa de acción por prácticas desleales se presentó habiendo transcurrido el término de sesenta (60) días dispuesto en el Artículo 27.164 del Código de Seguros, supra, sin que la reclamación fuera resuelta. (Citas al calce omitidas).

Más adelante concluyó el foro primario lo siguiente:

Por último, debemos aclarar que los hechos del caso Cons. Tit. Cond.76 King's Court v. Mapfre Praico Ins. Co., supra, son distintos a los del caso que nos ocupa. Allí, la parte demandante presentó el Formulario de Notificación el 15 de julio de 2019 y la Demanda el 4 de septiembre de 2019. Es decir, no había transcurrido el término de sesenta (60) días para que la demandada remediara cualquier deficiencia. Por lo cual, se resolvió que la Demanda se había presentado a destiempo y el Tribunal carecía de jurisdicción sobre la materia. Esa no es la situación ante nos.[16]

Ante el revés judicial, Mafpre solicitó reconsideración. Esta fue denegada el 23 de diciembre de 2022, por lo que acudió a nuestro foro. En el recurso, arguyó que incidió el TPI al:

**Primero:** Denegar la moción dispositiva presentada por MAPFRE por falta de jurisdicción de la materia respecto a la causa de acción de prácticas desleales presentada por la ACT bajo el Art. 27.164 del Código de Seguros y las enmiendas de la Ley 247-2018.

**Segundo:** Concluir que tenía jurisdicción para atender la causa de acción de prácticas desleales incoada, a pesar de que la ACT no cumplió con los requisitos jurisdiccionales impuestos por el Art. 27.164 del Código de Seguros creado por la Ley 247-2018.

**Tercero:** Eximir a la ACT de cumplir con los requisitos jurisdiccionales del Art. 27.164 del Código de Seguros y no desestimar la causa de acción de prácticas desleales conforme a lo enunciado por el Tribunal Supremo en 76 Kings Court.

---

[16] Apéndice pág. 178.

**Cuarto:** Hacer caso omiso al texto claro del Art. 27.164 del Código de Seguros, y la Carta Normativa Núm. CN-2019-246-D que requieren que la notificación al Comisionado y a la aseguradora sea realizada con el Formulario Oficial publicado por la OCS.

Evaluado el recurso, le concedimos término a la parte recurrida Autoridad de Carreteras para presentar su posición en torno al recurso y así lo hizo.

Con el beneficio de ambos escritos, disponemos.

## II.

## A.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias con efecto vinculante para las partes. MCS Advantage, Inc. v. Fossas Blanco, 2023 TSPR 8, resuelto el 25 de enero de 2023; Adm. Terrenos v. Ponce Bayland, 207 DPR 586, 600 (2021); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 385-386 (2020); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).

La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". Beltrán Cintrón et al. v. ELA et al., supra, citando a Rodríguez Rivera v. De León Otaño, 191 DPR 700, 708 (2014). Esta capacidad solo puede ser limitada por el Estado, quien puede otorgar o privar a un tribunal de jurisdicción sobre la materia mediante legislación a esos efectos. Beltrán Cintrón et al. v. ELA et al., supra; Rodríguez Rivera v. De León Otaño, supra, págs. 708–709. Así pues, para privar a un tribunal de jurisdicción, es necesario que algún estatuto lo disponga expresamente o que surja de él por implicación necesaria. MCS Advantage, Inc. v. Fossas Blanco, supra; Báez Rodríguez et al. v. E.L.A., 179 DPR 231, 241 (2010).

La falta de jurisdicción sobre la materia no es susceptible de ser subsanada; las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. MCS Advantage, Inc. v. Fossas Blanco, supra; Beltrán Cintrón et al. v. ELA et al., supra, págs. 101-102. (citas omitidas). Así pues, cuando un tribunal determina que carece de jurisdicción sobre la materia para atender determinado asunto, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. MCS Advantage, Inc. v. Fossas Blanco, supra; Allied Mgmt. Group v. Oriental Bank, supra, pág. 386; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268-269 (2018); Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98, 105 (2013).

**B.**

La Ley 247 de 27 de noviembre de 2018 fue promulgada para añadir los Artículos 27.164 y 27.165 al "Código de Seguros de Puerto Rico". En términos generales, en virtud de estos artículos, los asegurados pueden presentar un reclamo civil en contra de una aseguradora que les haya causado daños al incurrir en actos contrarios al Código de Seguros. Asimismo, pueden recuperar una cantidad razonable por honorarios de abogado, si prevalecen en su causa de acción. Con. Tit. 76 Kings Court v. MAPFRE, 208 DPR 1018, 1030 (2022).

En lo pertinente a la controversia que nos ocupa, el Art. 27.164 del Código de Seguros, supra, dispone lo siguiente:

(1) Cualquier persona podrá incoar una acción civil contra una aseguradora de haber sufrido daños a consecuencia de:

(a) Violaciones por parte de las aseguradoras bajo cualesquiera de las siguientes disposiciones de este título:

.     .     .     .     .     .     .     .     .

ii.     Artículo 27.020- Competencia desleal; prácticas injustas y engañosas, prohibidas.

.     .     .     .     .     .     .     .
xi.     Artículo 27.161.-Prácticas desleales en el ajuste de reclamaciones.

xii.     Artículo 27.162.-Término para la resolución de reclamaciones.

(b) Por la comisión de cualesquiera de estos actos por las aseguradoras cubiertas bajo este título:

(i) No intentar resolver de buena fe las reclamaciones cuando, bajo un análisis de la totalidad de las circunstancias, podría y debería haberlo hecho, así como cuando no actúa justa y honestamente hacia su asegurado y en consideración de sus intereses;

(ii) Realizar pagos de reclamaciones a asegurados o beneficiarios que no vayan acompañados de una declaración escrita que establezca la cubierta bajo qu[e] se están realizando los pagos; o

(iii) Al no resolver las reclamaciones con prontitud, cuando sea clara la responsabilidad de la aseguradora bajo los términos de una de las secciones de cubierta de la póliza de seguro con el fin de influir en los asentamientos bajo otras porciones o secciones de la cubierta bajo la póliza de seguro.

Una persona, según es definida en la sec. 104 de este título, que presente una acción civil en virtud del inciso (1) de esta sección, no necesita probar que tales actos fueron cometidos o realizados con tal frecuencia como para indicar una práctica comercial general.

(2) Cualquier persona podrá entablar una acción civil contra una aseguradora no autorizada si dicha parte sufre daños por una violación bajo la sec. 2716a de este título.

(3) **Como condición previa a entablar una acción bajo las disposiciones de esta sección, la parte afectada deberá notificar por escrito al Comisionado y a la aseguradora de la violación**. La aseguradora tendrá un término de sesenta (60) días para remediar la misma.  El Comisionado, de

entender que la notificación por escrito es insuficiente o vaga, devolverá la misma y el término de sesenta (60) días no comenzará a cursar hasta tanto se subsane la deficiencia identificada por el Comisionado.

(a) Dicha notificación deberá hacerse en **un formulario oficial a ser provisto por el Comisionado y deberá contener la siguiente información,** así como cualquier otra información que el Comisionado, a su discreción, entienda necesario:

i.     Citar el Artículo o Sección bajo la cual se imputa una violación y una cita del lenguaje incluido bajo dicho Artículo o Sección que se alega fue infringido por la aseguradora.

ii.     Una relación de hechos que dieron pie a la violación.

iii.     El nombre de la persona o entidad involucrada en la violación.

iv.     Referencia al lenguaje bajo las cubiertas de la póliza que sea relevante bajo la violación alegada. Si la persona que presenta la reclamación es un tercero, no se le pedirá que haga referencia al lenguaje específico de la póliza si la aseguradora autorizada no ha proporcionado una copia de la póliza al reclamante, luego de este haberla solicitado por escrito.

v.     Una declaración de que la notificación se entrega con el fin de perfeccionar el derecho a buscar el recurso civil autorizado por esta Sección.

(b) Dentro de los veinte (20) días posteriores al recibo de la notificación, el Comisionado podrá devolver cualquier notificación que no proporcione en el aviso la información específica requerida por esta sección. El Comisionado deberá indicar las deficiencias específicas contenidas en la notificación.

(c) No procederá acción alguna si, dentro de los sesenta (60) días posteriores al recibo de la notificación, se pagan los daños o se corrigen las deficiencias o violaciones que fundamentan la notificación.

(d) El asegurador autorizado que sea el destinatario de la notificación bajo esta sección deberá notificar al Comisionado sobre la resolución de la presunta violación, acompañado por un acuerdo de conformidad y satisfacción firmado por el reclamante o su representante.

(e) Una notificación bajo este Artículo, así como cualquier otra notificación subsiguiente, interrumpirá por sesenta y cinco (65) días, desde la fecha del depósito en el correo de la notificación, cualquier

término prescriptivo para incoar acciones en los tribunales.

(4) En caso de adjudicación adversa en el juicio o luego de una apelación, el asegurador autorizado será responsable de los daños, junto con costos judiciales y honorarios razonables de abogados incurridos por el demandante.

.   .   .   .   .   .   .   .

(6) El recurso civil especificado en esta sección no sustituye cualquier otro recurso o causa de acción prevista en virtud de cualquier otro estatuto o de conformidad con las leyes de Puerto Rico o las leyes federales aplicables. Cualquier persona podrá reclamar bajo las disposiciones generales referente a materia de contratos o derecho extracontractual o daños y perjuicios, según contemplados en el Código Civil de Puerto Rico.  Sin embargo, los tribunales o foros adjudicativos están impedidos de procesar y adjudicar ambos recursos o causas de acción. Los daños recuperables de conformidad con esta sección incluirán[n] aquellos daños que son un resultado razonablemente previsible de una violación específica de esta sección por la aseguradora autorizada y puede incluir una adjudicación o juicio por un monto que exceda los límites de la póliza. (Énfasis suplido.) 26 LPRA sec. 2716d.

De prevalecer en la reclamación instada al amparo del citado Art. 27.164 del Código de Seguros, supra, el asegurado tendrá derecho a obtener una suma razonable por concepto de honorarios de abogado. Ese derecho aparece consignado en los Arts. 27.164(4) y 27.165 del Código de Seguros, *supra*. Con. Tit. 76 Kings Court v. MAPFRE, *supra*, pág. 1032.

Al interpretar la aludida Ley 247-2018 el Tribunal Supremo de Puerto Rico indicó que mediante esta los asegurados tienen una herramienta adicional para promover la solución de sus reclamaciones fuera de los tribunales, pero claramente tienen que seguir los pasos requeridos. Con. Tit. 76 Kings Court v. MAPFRE, *supra,* pág. 1035*.*  Cónsono a lo anterior, el Tribunal Supremo afirmó que del texto de la ley surge de manera clara que, como condición previa para instar una reclamación en virtud de las disposiciones del Art. 27.164 del Código de Seguros, *supra*, la

parte afectada tiene que notificar por escrito al Comisionado de Seguros y a la aseguradora sobre la violación por la cual reclama. Con. Tit. 76 Kings Court v. MAPFRE, *supra*, págs. 1035-1036. Una vez realizada dicha notificación, entonces comienza a transcurrir un término de sesenta días dentro del cual la aseguradora podrá remediar la presunta deficiencia o violación. Ese término es ineludible e improrrogable. Con. Tit. 76 Kings Court v. MAPFRE, *supra*, pág. 1036.

Así pues, tanto el requisito de notificación previa impuesto en el Art. 27.164 del Código de Seguros, *supra*, como el término de sesenta días dispuesto para que las aseguradoras subsanen cualquier deficiencia o violación, cumplen un propósito claro; estos no se imponen en el vacío. Con. Tit. 76 Kings Court v. MAPFRE, *supra*, pág. 1040. Además, con estos se fomenta la solución justa de reclamaciones fuera del tribunal y dentro de un término fijo. Incluso, se alivia la carga en los tribunales, evitando así la presentación de demandas a destiempo. De ahí que no resulte impropio o injusto reconocer la naturaleza jurisdiccional de dichos requisitos. *Íd.*

En Con. Tit. 76 Kings Court v. MAPFRE, *supra*, pág. 1041 el Tribunal Supremo reafirmó que,

> […] dicha causa de acción está disponible únicamente si, dada **una última oportunidad**, la aseguradora opta por no remediar un reclamo debidamente notificado **dentro del término de sesenta** días. Claramente, una acción civil instada **antes** de transcurrir el mencionado término limita el derecho que tiene la aseguradora de subsanar la presunta violación y evitar un reclamo adicional por daños, según lo contempla el Código de Seguros. Además, también despoja al tribunal de autoridad para atender la reclamación, ya que nunca se configuró la causa de acción. (Énfasis nuestro).

En consecuencia, en referida acción el Tribunal Supremo decretó que procedía la desestimación de las reclamaciones que

instó el asegurado, al amparo del Código de Seguros, por estas haber sido prematuras al ser presentadas antes de transcurrido el término de sesenta días. Con. Tit. 76 Kings Court v. MAPFRE, *supra*.

### C.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece la autoridad limitada de este Tribunal para revisar las órdenes y las resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Este solo será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal cuando se demuestre que "hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". Zorniak Air Services v. Cessna Aircraft Co., 132 DPR 170, 181 (1992); Rivera Durán v. Banco Popular, 152 DPR 140, 154 (2000); Dávila Nieves v. Meléndez Marín, 187 DPR 750, 771 (2013).

A la luz de la antes mencionada normativa, evaluamos.

## III.

En su recurso, Mapfre alegó que la Autoridad de Carreteras presentó la demanda en su contra el 18 de septiembre de 2019 sin cumplir con el requisito jurisdiccional que disponía el Artículo

27.164 del Código de Seguros. Reseñó que el requisito consistía en (1) notificar mediante un formulario al Comisionado de Seguros y a la Aseguradora y (2) esperar un lapso de sesenta (60) días para que la aseguradora remediara la violación o remedios alegados. Reiteró que, al no haberse cumplido referido trámite, no se perfeccionó la causa de acción de prácticas desleales.

Aseveró a su vez, que la carta que envió el secretario del Departamento de Transportación y Obras Públicas el 16 de julio de 2018 no se puede considerar que tuvo el efecto de cumplir con el requisito de notificación que exige el artículo 27.164 (3)(a). Ello porque para esa fecha no existía la Ley que concedía una causa de acción de prácticas desleales o mala fe bajo el Código de Seguros. Agregó que la carta no mencionaba las violaciones a prácticas desleales ni contenía la información que debe ser incluida en el Formulario Oficial. Mencionó, además, que la carta no fue dirigida ni notificada a Mapfre, según lo requiere el Artículo 27.164 (3) del Código de Seguros. Por tanto, la carta del DTOP no sustituía la presentación del Formulario Oficial, como notificación válida bajo la Ley 247-2018, de forma tal que pueda conferir jurisdicción al TPI.

La Autoridad de Carreteras, por su parte alude que, a la fecha de la publicación de la carta normativa, tanto el Comisionado de Seguros, como Mapfre, tenían conocimiento de las alegaciones de la Autoridad de Carreteras. Así pues, al momento de la aprobación de la Ley 247-2018 la cual provee un remedio civil a los asegurados, la controversia sobre la reclamación de la Autoridad de Carreteras y la inacción de Mapfre ya estaba bajo la jurisdicción del foro administrativo. Expuso, por tanto, que realizar una nueva notificación al Comisionado de Seguros, implicaría una duplicidad de solicitud de auxilio a

controversias ya dirimidas y adjudicas por el Comisionado. Indicó que la Autoridad de Carreteras realizó todas las gestiones necesarias que estaban disponibles, cumpliendo con la legislación vigente al momento de solicitar la investigación y que la Oficina del Comisionado de Seguros activó su sala administrativa para resolverla. Todo lo cual le brindó la oportunidad a Mapfre de atender la reclamación. Evaluamos.

De los hechos que informa esta causa surge que antes de la presentación de la demanda de epígrafe, la Autoridad de Carreteras le reclamó a Mapfre por los daños sufridos a sus propiedades. Ante la inacción de la aseguradora, el 8 de agosto de 2018 la Autoridad de Carreteras presentó ante la Oficina del Comisionado de Seguros una solicitud de investigación contra Mapfre. Este hecho no está en disputa, por tanto, hubo la debida notificación.

En ese trámite, el 17 de septiembre, notificada 18 de septiembre de 2018 el Comisionado de Seguros determinó que Mapfre violentó el Artículo 27.161 (3) y (6) sobre prácticas desleales en el ajuste de reclamaciones y el Artículo 27.162 (1) y (2) del Código de Seguros de Puerto Rico. Decretó referido foro que Mapfre no ajustó el reclamo, ni realizó una oferta de pago o un pago parcial en el plazo de noventa (90) días establecido en el Código de Seguros para resolver la reclamación. Consecuentemente, el Comisionado le ordenó a Mapfre resolver de manera inmediata la reclamación y presentar prueba de ello, dentro del término de veinte (20) días.

Durante el transcurso de esa gestión ante el Comisionado de Seguros, el 27 de noviembre de 2018 se aprobó la Ley Núm. 247-2018 con el fin de añadirle al Código de Seguros los Artículos 27.164 y 27.165. Esta ley permite incoar una acción civil contra

una aseguradora por esta incurrir en prácticas desleales y reclamar los honorarios de abogado. Ahora bien, la Ley establece como requisito previo para acudir a los tribunales, que se tiene que notificar por escrito al Comisionado y a la aseguradora de la violación mediante el Formulario diseñado por el Comisionado. La comunicación debe incluir, el Artículo que se alega fue infringido por la aseguradora; los hechos que dieron pie a la violación; el nombre de la persona o entidad involucrada en la violación; la referencia al lenguaje bajo las cubiertas de la póliza que sea relevante bajo la violación alegada y una declaración de que la notificación se entrega con el fin de perfeccionar el derecho a buscar el recurso civil autorizado. Lo determinante de la Ley es que, la Aseguradora disponga de sesenta (60) días para remediar las deficiencias, de lo contrario estaría expuesta a la reclamación civil.

De todo el trámite que siguió la Autoridad de Carreteras ante el Comisionado de Seguros, podemos razonablemente concluir que se cumplieron los requisitos jurisdiccionales aquí esbozados, desde antes de promulgarse la referida Ley. Ello es así pues la aseguradora Mafpre quedó debidamente notificada de las violaciones imputadas, de los hechos que dieron lugar a referida reclamación, de las partes involucradas en la reclamación, así como la póliza sobre la cual se reclamó. A su vez, como se promulgó la Ley Núm. 247-2018 mientras se dilucidaba la reclamación ante el Comisionado de Seguros, podemos razonablemente inferir que Mapfre sabía que se exponía a una reclamación civil por violaciones al Código de Seguros, de no remediar la reclamación.

Aún más, surge del expediente que, en enero de 2019 se celebró una vista administrativa a la cual comparecieron ambas

partes.  Consecuente a este trámite, el **21 de mayo de 2019** la Oficina del Comisionado emitió una Resolución en la que reiteró su determinación del 17 de septiembre de 2019.  De esta forma, confirmó que Mapfre violentó el Artículo 27.161 sobre prácticas desleales en el ajuste de reclamaciones y el Artículo 27.162 del Código de Seguros relacionado al término para la resolución de reclamaciones.  El Comisionado de Seguros reiteró su orden a Mapfre en cuanto a resolver la reclamación de manera inmediata, dentro de los veinte días de notificada la Resolución emitida.

Así, pues, transcurrido en exceso el término de sesenta (60) días de emitida la determinación administrativa, el **18 de septiembre de 2019** la Autoridad de Carreteras presentó la demanda de epígrafe, para entre otros, reclamar daños y honorarios de abogado a consecuencia de las prácticas desleales de la aseguradora en el ajuste de las reclamaciones y la tardanza.

Como vemos de las circunstancias aquí narradas, aun cuando no se utilizó el formulario oficial que promulgó el Comisionado de Seguros para notificar reclamaciones, entendemos la Autoridad de Carreteras cumplió con el requisito jurisdiccional de notificación tanto a la aseguradora Mapfre como al Comisionado de Seguros.  A raíz de ese trámite, se inició una acción administrativa en la que se le concedió amplia oportunidad a Mapfre para que esta respondiera extrajudicialmente a la Autoridad de Carreteras y remediara la situación.

Esto es, con la gestión ante el Comisionado de Seguros, que concluyó con la determinación de que Mapfre incumplió los Artículos 27.161 y 27.162 del Código de Seguros, vemos cumplido el requisito jurisdiccional de notificación a la aseguradora Mapfre y al Comisionado de Seguros, como paso previo a la reclamar daños ante el TPI a tenor con el Artículo 27.164 del Código de

Seguros. Sería un ejercicio fútil, reiniciar el trámite de notificación a Mapfre y al Comisionado, cuando este último determinó mediante Resolución de que Mapfre incurrió en violaciones al Código de Seguros.

Así que, damos por correcta y adecuada la determinación aquí recurrida, mediante la cual el foro primario denegó la moción de desestimación parcial que instó Mapfre por falta de jurisdicción.

**IV**.

Por las razones antes expresadas, que hacemos formar parte de esta Sentencia, expedimos el auto de *certiorari* y confirmamos la resolución recurrida.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones